UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
FELIX DELGADO, CARLOS DOMINGUEZ, :
LUIS MAURISECA, KAE HEUNG PARK, :
LONG FAN JIN, JORGE PENAPIEL, :
MANUEL TENEZACA, PASCACIO :
CALLEJAS, SANTOZ MENDOZA, and :
JOAQUIN MACARENO, :
                                                    :
                             Plaintiffs, :
                                                    :
              -against- :
                                                    :
KIKO CONSTRUCTION INC., REX KIM, :
and KWANG YONG BYUN, :
                                                    :
                             Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

JUDGE BATTS

COMPLAINT

ECF Case

08 CV 1984



Plaintiffs Felix Delgado, Carlos Dominguez, Luis Mauriseca, Kae Heung Park,

Long Fan Jin, Jorge Penapiel, Manuel Tenezaca, Pascacio Callejas, Santoz Mendoza, and

Joaquin Macareno (collectively "Plaintiffs") by their attorneys the Asian American Legal

Defense and Education Fund, YKASEC – Empowering the Korean American Community, and

Hogan & Hartson, LLP, allege as follows:

## PRELIMINARY STATEMENT

1.      This complaint addresses labor law violations perpetrated by Defendants

Kiko Construction Inc., Rex Kim, and Kwang Yong Byun (collectively "Defendants") against

Plaintiffs.

2.      For several months in 2007, Plaintiffs worked as construction workers for

Defendants at projects located throughout New York City.

1

3.      In violation of the employment contract between each of the Plaintiffs and Defendants, and additionally federal and state labor laws, Defendants failed to pay the wages promised to Plaintiffs for each day worked.

4.      Plaintiffs now bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, New York Labor Law §§ 190 *et seq.* and 650 *et seq.*, and for breach of contract to recover the wages that they are owed as well as statutory liquidated damages.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to under 28 U.S.C. § 1331 and the Fair Labor Standards Act, 29 U.S.C. § 216(b).  Plaintiffs have consented to file this lawsuit under the Fair Labor Standards Act.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as some of the events giving rise to this action occurred within this District.

## PARTIES

### *Plaintiffs*

8.      Plaintiffs Felix Delgado, Carlos Dominguez, Luis Mauriseca, Kae Heung Park, Long Fan Jin, Jorge Penapiel, Manuel Tenezaca, Pascacio Callejas, Santoz Mendoza, and Joaquin Macareno worked as construction workers for Defendants.

9.      Each of the Plaintiffs is a resident of New York City except Kae Hung Park, who is a resident of Patterson, New Jersey.

10.     At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the Fair Labor Standards Act and New York Labor Law.

### *Defendants*

11.    Defendant Kiko Construction Inc. ("Kiko") is a New York corporation with an office located at 41-96 Gleane Street, Apartment E-11, Elmhurst, New York 11373. At all times relevant to this action, Kiko was Plaintiffs' employer within the meaning of the Fair Labor Standards Act and New York Labor Law. On information and belief, Kiko has gross sales of over $500,000 a year and is engaged in interstate commerce.

12.    Defendant Rex Kim ("Kim") is a resident of New York City and has a residence at 14431 41st Avenue, Apartment 4A, Flushing, New York 11355-1455. Kim is an owner of Kiko, and at all times relevant to this action, had the power to hire and fire employees, set their wages, set their schedule and maintain their employment records. At all times relevant to this action, Kim was Plaintiffs' employer within the meaning of the Fair Labor Standards Act and New York Labor Law.

13.    Defendant Kwang Yong Byun ("Byun") is a resident of New York City and has a residence at 14330 38th Avenue, Apartment 5N, Flushing, New York 11354-5726. Byun is an owner of Kiko, and at all times relevant to this action, had the power to hire and fire employees, set their wages, set their schedule and maintain their employment records. At all times relevant to this action, Byun was Plaintiffs' employer within the meaning of the Fair Labor Standards Act and New York Labor Law.

### STATEMENT OF FACTS

14.    At various times between January 2007 and July 2007, each of the Plaintiffs separately entered into employment contracts with Defendants to perform construction work for them on projects located at 1) 145 Boriquen Avenue in Brooklyn, 2) 1384 Broadway in

3

Manhattan, or 3) at the private residence of Defendant Rex Kim (collectively, the "Construction Sites").

15.     As a part of the employment contract, Plaintiffs were to perform construction work for Defendants in exchange for an agreed upon daily wage.

16.     Each of the Plaintiffs performed between one and six months of construction work for Defendants.

17.     As construction workers for Defendants, Plaintiffs performed masonry, pointing, caulking, flooring, tiling, dry walling, and other general construction tasks.

18.     Defendants failed to pay Plaintiffs at the agreed upon wage for each day worked.

19.     The following table provides each Plaintiff's approximate dates of employment, the wage promised to them, and the number of days that Defendants failed to pay their wage:

| Name | Approx. Dates of Employment | Agreed upon Wage | Approx. Days Unpaid | Approx. Wage Owed |
|---|---|---|---|---|
| Pascacio Callejas | 7/07 | $100/day | 14 | $1400 |
| Felix Delgado | 7/07 | $100/day | 14 | $1400 |
| Jorge Penapiel | 4/07-5/07 | $100/day | 31 | $3100 |
| Luis Mauriseca | 4/07-5/07 | $120/day | 23 | $2760 |
| Carlos Dominguez | 1/07-6/07 | $120/day | 18 | $2160 |
| Manuel Tenezaca | 4/07-5/07 | $120/day | 23 | $2760 |
| Santos Mendoza | 2/07-5/07 | $120/day | 20 | $2400 |
| Joaquin Macareno | 4/07-5/07 | $120/day | 28 | $3360 |

| Name | Approx. Dates of Employment | Agreed upon Wage | Approx. Days Unpaid | Approx. Wage Owed |
|---|---|---|---|---|
| Kae Heung Park | 7/07 | $150/day | 15 | $2250 |
| Long Fan Jin | 7/07 | $160/day | 15 | $2400 |

## KNOWING AND INTENTIONAL ACTS

20.     The acts alleged herein were done knowingly, intentionally, and willfully by Defendants.

## FIRST CAUSE OF ACTION

### (Federal Minimum Wage Violation)

21.     Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

22.     At all times relevant to this action, the federal minimum wage was $5.15 per hour, as codified by 29 U.S.C. § 206(a)(1).

23.     Defendants willfully failed to pay Plaintiffs at the federal minimum wage rate for each day that they were employed.

24.     Defendants' knowing and deliberate acts are in direct contravention of 29 U.S.C. § 206(a)(1) and are actionable under 29 U.S.C. § 216(b).

25.     As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Federal Overtime Wage Violation)

26.    Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

27.    While employed by Defendants, Plaintiffs frequently worked more than forty hours in a week.

28.    Defendants willfully failed to compensate Plaintiffs at overtime rates as required by federal law for any hours they worked over forty in a single week.

29.    Defendants knowing and deliberate acts are in direct contravention of 29 U.S.C. § 207(a)(1) and are actionable under 29 U.S.C. § 216(b).

30.    As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### (New York State Unpaid Wages)

31.    Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

32.    Defendants' intentional failure to pay the wages promised to Plaintiffs violates New York State Labor Law including §§ 191 and 652 and regulations thereunder.

33.    As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### (Breach of Employment Contract Against Defendant Kiko)

34.    Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

35.    Defendant Kiko entered into separate employment contracts with each of the Plaintiffs to pay them up to $160 per day.

36.    Plaintiffs performed their obligations under the contracts by working as construction workers for Defendants for certain periods of time between approximately January 2007 and July 2007.

37.    Defendants failed to pay Plaintiffs for their work at the wage rates promised under the employment contract.

38.    As a result, Defendant Kiko breached the employment contracts with Plaintiffs.

39.    As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (New York State Minimum Wage Violation)

40.    Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

41.    At all times relevant to this action, the New York state minimum wage was $7.15 per hour, as codified by Article 19, New York State Labor Law.

42.    Defendants failed to pay Plaintiffs the New York State minimum wage rate in effect during the time of his employment.

43.    Defendants knowing and deliberate acts constitute a violation of N.Y. Lab. Law § 650 *et seq.*

7

44.     As a result of the foregoing, Plaintiffs are owed damages in amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (State Overtime Wage Violation)

45.     Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

46.     While employed by Defendants, Plaintiffs frequently worked more than forty hours in a week.

47.     Defendants did not compensate Plaintiffs at overtime rates as required by the New York Labor Law for any hours they worked over forty in a single week.

48.     Defendants knowing and deliberate acts were in direct contravention of N.Y. Lab. Law § 650 *et seq.* and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.

49.     As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### (Quantum Meruit)

50.     Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

51.     Plaintiffs conferred the performance of their valuable services to Defendants in good faith and with the expectation of compensation.

52.     Defendants accepted the benefit of Plaintiffs' services and failed to fully compensate them for their work.

8

53.     As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### (Unjust Enrichment)

54.     Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

55.     Plaintiffs have performed a significant amount of work for which they have not been paid.

56.     Defendants were unjustly enriched at Plaintiffs' expense by accepting the benefit of their labor and failing to pay them the money they earned for their work, which resulted in the deliberate and intentional exploitation of Plaintiffs.

57.     The circumstances were such that equity and good conscience require Defendants to pay Plaintiffs for the time that they worked.

58.     As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seeks judgment as follows:

That judgment be entered for Plaintiffs against Defendant Kiko Construction, Defendant Rex Kim, and Defendant Kwang Yong Byun for:

    (a) unpaid wages;

    (b) liquidated damages;

    (c) prejudgment interest;

    (d) costs and attorneys' fees; and

    (e) such other relief that the Court deems just and proper.

Dated:  New York, New York
        February 28, 2008

                           HOGAN & HARTSON LLP

                           Arlene L. Chow (AC 4533)
                           Dillon Kim (DK 4121)
                           875 Third Avenue
                           New York, NY 10022
                           (212) 918-3000

Tushar J. Sheth (TS 5672)          Steven Choi (SC 1906)
ASIAN AMERICAN LEGAL DEFENSE  YKASEC – EMPOWERING THE KOREAN
AND EDUCATION FUND          AMERICAN COMMUNITY
99 Hudson Street, 12th Floor      136-19 41st Ave, 3rd Floor
New York, New York 10013       Flushing, NY 11354
(212) 966-5932              (718) 460-5600

                           *Attorneys for Plaintiffs Felix Delgado, Carlos Dominguez, Luis Mauriseca, Kae Heung Park, Long Fan Jin, Jorge Penapiel, Manuel Tenezaca, Pascacio Callejas, Santoz Mendoza, and Joaquin Macareno*