**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**FELIX DELGADO, CARLOS DOMINGUEZ, LUIS MAURISECA, KAE HEUNG PARK, LONG FAN JIN, JORGE PENAPIEL, MANUEL TENEZACA, PASCACIO CALLEJAS, SANTOZ MENDOZA, and JOAQUIN MACARENO,**

**Plaintiffs,**

-against-

**KIKO CONSTRUCTION INC., REX KIM, and KWANG YONG BYUN,**

**Defendants.**

08CV1984 (DAB) (MDF)

ECF Case

**AFFIDAVIT OF DILLON KIM IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

STATE OF NEW YORK  )
                                          )   ss.:
COUNTY OF NEW YORK  )

DILLON KIM, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Court and am associated with the firm of Hogan & Hartson who, along with the Asian American Legal Defense and Education Fund and YKASEC – Empowering the Korean American Community, are attorneys for Plaintiffs Felix Delgado, Carlos Dominguez, Luis Mauriseca, Kae Heung Park, Long Fan Jin, Jorge Penapiel, Manuel Tenezaca, Pascacio Callejas, Santoz Mendoza, and Joaquin Macareno ("Plaintiffs") in the above-entitled action.  I am familiar with all the facts and circumstances in this action.

2.    I make this affidavit pursuant to Rule 55.2 of the Civil Rules for the Southern District of New York, in support of Plaintiffs' motion for the entry of a default judgment against defendants Kiko Construction Inc. ("Kiko") and Rex Kim.

3.    This is an action under the Fair Labor Standards Act and New York Labor Law and for breach of contract to recover unpaid wages owed by defendants Kiko and Rex Kim to Plaintiffs for construction work performed by Plaintiffs at two worksites: (1) 145 Boriquen Avenue in Brooklyn and (2) 1384 Broadway in Manhattan.  Some plaintiffs were also hired to work at the private residence of Defendant Rex Kim.

4.    Jurisdiction of the subject matter of this action is based on 28 U.S.C. § 1331 as Plaintiffs' claims under the Fair Labor Standards Act present a federal question.  This Court has supplemental jurisdiction over Plaintiffs' state law claims and breach of contract claims pursuant to 29 U.S.C. § 216(b) as they arise from the same facts as Plaintiffs' federal claims.

5.    This Court has personal jurisdiction over Defendant Kiko Construction Inc., a New York corporation with an office located at 41-96 Gleane Street, Apartment E-11, Elmhurst, New York 11373.  At all times relevant to this action, Kiko was Plaintiffs' employer within the meaning of the Fair Labor Standards Act and New York Labor Law.  Upon information and belief, Kiko has gross sales of over $500,000 a year and uses goods produced in interstate commerce.

6.    This Court has personal jurisdiction over Defendant Rex Kim, a resident of New York City with a residence at 57-35 256th Street, Little Neck, New York 11362.  Rex Kim is an owner of Kiko, and at all times relevant to this action, had the power to hire and fire employees, set their wages, set their schedule and maintain their employment records.  At all times relevant to this action, Rex Kim was Plaintiffs' employer within the meaning of the Fair Labor Standards Act and New York Labor Law.

7.    This action was commenced on February 28, 2008 by the filing of the Complaint.  On the same day, a Summons was issued against the Defendant.  A true and correct copy of the Summons and Complaint are attached as **Exhibit A**.

8.    A copy of the summons and complaint was served on Defendant Kiko on February 29, 2008 by service upon the New York Secretary of State and proof of service by the Special Process Server was filed with the Court.  A true and correct copy of the affidavit of service on Kiko is attached as **Exhibit B**.  Defendant Kiko has not answered the complaint and the time for the defendant to answer the complaint has expired.

9.    On April 23, 2008, the Clerk of the Court signed a notation of default against Kiko for failure to answer or respond to Plaintiffs' complaint.  A true and correct copy of the Clerk's notation of default against Kiko is attached as **Exhibit C** with the original signed version being sent directly to the Court's chambers.

10.    A copy of the summons and complaint was served on Defendant Rex Kim on June 10, 2008 by personal service and proof of service by the Special Process Server was filed with the Court.  Defendant Rex Kim has not answered the complaint and the time for the defendant to answer the complaint has expired.  A true and correct copy of the affidavit of service on Rex Kim is attached as **Exhibit D**.

11.    On July 9, 2008, the Clerk of the Court signed a notation of default against Rex Kim for failure to answer or respond to Plaintiffs' complaint.  A true and correct copy of the Clerk's notation of default against Kiko is attached as **Exhibit E** with the original signed version being sent directly to the Court's chambers.

12.    Defendant Rex Kim is not a minor, mentally incompetent, nor in the military service of the United States.

13.    This action seeks a total judgment for the liquidated amount of $61,224.20, plus interest at 9%, from Defendants Kiko and Rex Kim.  The breakdown of damages and interest for each of the Plaintiffs is as follows:

a. Jorge Penapiel: $3,493.00 of compensatory damages, $1,898.00 of federal liquidated damages, $873.25 of state liquidated damages, and interest at 9% from July 5, 2007 to August 11, 2008, for $345.81, for a total as of $6,610.06, as shown by the spreadsheet annexed as **Exhibit F**, which is justly due and owing, and no part of which has been paid except as therein set forth.

b. Felix Delgado: $1,693.00 of compensatory damages, $974.00 of federal liquidated damages, $423.25 of state liquidated damages, and interest at 9% from July 5, 2007 to August 11, 2008, for $167.61, for a total as of $3,257.86, as shown by the spreadsheet annexed as **Exhibit F**, which is justly due and owing, and no part of which has been paid except as therein set forth.

c. Pascacio Callejas: $1,693.00 of compensatory damages, $974.00 of federal liquidated damages, $423.25 of state liquidated damages, and interest at 9% from July 5, 2007 to August 11, 2008, for $167.61, for a total as of $3,257.86, as shown by the spreadsheet annexed as **Exhibit F**, which is justly due and owing, and no part of which has been paid except as therein set forth.

d. Kae Heung Park: $4,349.00 of compensatory damages, $2,794.60 of federal liquidated damages, $1,087.25 of state liquidated damages, and interest at 9% from May 28, 2007 to August 11, 2008, for $473.61, for a total as of $8,704.46, as shown by the spreadsheet annexed as **Exhibit F**, which is justly due and owing, and no part of which has been paid except as therein set forth.

e. Carlos Dominguez: $4,294.50 of compensatory damages, $3,001.50 of federal liquidated damages, $1,073.63 of state liquidated damages, and interest at 9% from March 7, 2007 to August 11, 2008, for $552.70, for a total as of $8,922.33, as

shown by the spreadsheet annexed as **Exhibit F**, which is justly due and owing, and no part of which has been paid except as therein set forth.

f.  Manuel Tenezaca: $2,834.50 of compensatory damages, $1,236.00 of federal liquidated damages, $708.63 of state liquidated damages, and interest at 9% from May 3, 2007 to August 11, 2008, for $326.53, for a total as of $5,105.66, as shown by the spreadsheet annexed as **Exhibit F**, which is justly due and owing, and no part of which has been paid except as therein set forth.

g.  Luis Mauriseca: $6,331.29 of compensatory damages, $1,545.00 of federal liquidated damages, $876.50 of state liquidated damages, and interest at 9% from April 30, 2007 to August 11, 2008, for $403.89, for a total as of $6,331.39, as shown by the spreadsheet annexed as **Exhibit F**, which is justly due and owing, and no part of which has been paid except as therein set forth.

h.  Joaquin Macareno: $3,214.50 of compensatory damages, $1,784.50 of federal liquidated damages, $803.63 of state liquidated damages, and interest at 9% from April 13, 2007 to August 11, 2008, for $384.78, for a total as of $6,187.40, as shown by the spreadsheet annexed as **Exhibit F**, which is justly due and owing, and no part of which has been paid except as therein set forth.

i.  Santoz Mendoza: $3,214.50 of compensatory damages, $1,784.50 of federal liquidated damages, $803.63 of state liquidated damages, and interest at 9% from April 13, 2007 to August 11, 2008, for $384.78, for a total as of $6,187.40, as shown by the spreadsheet annexed as **Exhibit F**, which is justly due and owing, and no part of which has been paid except as therein set forth.

j.   Long Fan Jin: $3,482.25 of compensatory damages, $1,927.75 of federal liquidated damages, $870.56 of state liquidated damages, and interest at 9% from May 28, 2007 to August 11, 2008, for $379.22, for a total as of $6,659.78, as shown by the spreadsheet annexed as **Exhibit F**, which is justly due and owing, and no part of which has been paid except as therein set forth.

WHEREFORE, Plaintiffs request the entry of Default and the entry of the annexed Judgment against Defendants Rex Kim and Kiko Construction Inc.

Dated: New York, New York
       August 11, 2008

HOGAN & HARTSON LLP


_____/s Dillon Kim_____
Arlene L. Chow (AC 4533)
Dillon Kim (DK 4121)
875 Third Avenue
New York, NY 10022
(212) 918-3000

EXHIBIT A

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

FELIX DELGADO, CARLOS DOMINGUEZ, LUIS
MAURISECA, KAE HEUNG PARK, et.al.

V.

KIKO CONSTRUCTION, INC., REX KIM,
KWANG YONG BYUN

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

# 08 CV 1984

## JUDGE BATTS

TO: (Name and address of Defendant)

| Kiko Construction, Inc. | Rex Kim | Kwang Yong Byun |
| 41 Gleane Street, | 14431 41st Ave. | 14330 38th Ave. |
| Apt. E-11 | Apt. 4 A | Apt. 5 N |
| Elmhurst, NY  11373 | Flushing, NY 11355 | Flushing, NY 11354 |

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

| Arlene L. Chow (AC 4533) | Tushar J. Sheth (TS 5672) | Steven Choi (SC 1906) |
| Dillon Kim (DK 4121) | Asian American Legal Defense and | YKASEC – Empowering |
| Hogan & Hartson LLP | Education Fund | the Korean American |
| 875 Third Avenue | 99 Hudson Street, 12th Floor | Community |
| New York, New York   10022 | New York, New York   10013 | 136-19 41st Avenue, |
| (212) 918-3000 | (212) 966-5932 | 3rd Floor |
| | | Flushing, New York 113! |
| | | (718) 460-5600 |

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

FEB 2 8 2008

CLERK

(By) DEPUTY CLERK                                    DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                          *Date*                              *Signature of Server*


                                          _____
                                                   *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**UNITED STATES DISCTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FELIX DELGADO, CARLOS DOMINGUEZ,  :
LUIS MAURISECA, KAE HEUNG PARK,   :
LONG FAN JIN, JORGE PENAPIEL,     :
MANUEL TENEZACA, PASCACIO         :
CALLEJAS, SANTOZ MENDOZA, and     :
JOAQUIN MACARENO,                 :
                                  :
                    Plaintiffs,   :
                                  :
        -against-                 :
                                  :
KIKO CONSTRUCTION INC., REX KIM,
and KWANG YONG BYUN,
                                  
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x



JUDGE BATTS

COMPLAINT

ECF Case

08 CV 1984

FEB 2 8 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs Felix Delgado, Carlos Dominguez, Luis Mauriseca, Kae Heung Park,

Long Fan Jin, Jorge Penapiel, Manuel Tenezaca, Pascacio Callejas, Santoz Mendoza, and

Joaquin Macareno (collectively "Plaintiffs") by their attorneys the Asian American Legal

Defense and Education Fund, YKASEC – Empowering the Korean American Community, and

Hogan & Hartson, LLP, allege as follows:

<u>**PRELIMINARY STATEMENT**</u>

       1.      This complaint addresses labor law violations perpetrated by Defendants

Kiko Construction Inc., Rex Kim, and Kwang Yong Byun (collectively "Defendants") against

Plaintiffs.

       2.      For several months in 2007, Plaintiffs worked as construction workers for

Defendants at projects located throughout New York City.

1

3.    In violation of the employment contract between each of the Plaintiffs and Defendants, and additionally federal and state labor laws, Defendants failed to pay the wages promised to Plaintiffs for each day worked.

4.    Plaintiffs now bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, New York Labor Law §§ 190 *et seq.* and 650 *et seq.*, and for breach of contract to recover the wages that they are owed as well as statutory liquidated damages.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to under 28 U.S.C. § 1331 and the Fair Labor Standards Act, 29 U.S.C. § 216(b).  Plaintiffs have consented to file this lawsuit under the Fair Labor Standards Act.

6.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as some of the events giving rise to this action occurred within this District.

## PARTIES

### *Plaintiffs*

8.    Plaintiffs Felix Delgado, Carlos Dominguez, Luis Mauriseca, Kae Heung Park, Long Fan Jin, Jorge Penapiel, Manuel Tenezaca, Pascacio Callejas, Santoz Mendoza, and Joaquin Macareno worked as construction workers for Defendants.

9.    Each of the Plaintiffs is a resident of New York City except Kae Hung Park, who is a resident of Patterson, New Jersey.

10.    At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of the Fair Labor Standards Act and New York Labor Law.

2

*Defendants*

11.    Defendant Kiko Construction Inc. ("Kiko") is a New York corporation with an office located at 41-96 Gleane Street, Apartment E-11, Elmhurst, New York 11373. At all times relevant to this action, Kiko was Plaintiffs' employer within the meaning of the Fair Labor Standards Act and New York Labor Law. On information and belief, Kiko has gross sales of over $500,000 a year and is engaged in interstate commerce.

12.    Defendant Rex Kim ("Kim") is a resident of New York City and has a residence at 14431 41st Avenue, Apartment 4A, Flushing, New York 11355-1455. Kim is an owner of Kiko, and at all times relevant to this action, had the power to hire and fire employees, set their wages, set their schedule and maintain their employment records. At all times relevant to this action, Kim was Plaintiffs' employer within the meaning of the Fair Labor Standards Act and New York Labor Law.

13.    Defendant Kwang Yong Byun ("Byun") is a resident of New York City and has a residence at 14330 38th Avenue, Apartment 5N, Flushing, New York 11354-5726. Byun is an owner of Kiko, and at all times relevant to this action, had the power to hire and fire employees, set their wages, set their schedule and maintain their employment records. At all times relevant to this action, Byun was Plaintiffs' employer within the meaning of the Fair Labor Standards Act and New York Labor Law.

## STATEMENT OF FACTS

14.    At various times between January 2007 and July 2007, each of the Plaintiffs separately entered into employment contracts with Defendants to perform construction work for them on projects located at 1) 145 Boriquen Avenue in Brooklyn, 2) 1384 Broadway in

3

Manhattan, or 3) at the private residence of Defendant Rex Kim (collectively, the "Construction Sites").

15.   As a part of the employment contract, Plaintiffs were to perform construction work for Defendants in exchange for an agreed upon daily wage.

16.   Each of the Plaintiffs performed between one and six months of construction work for Defendants.

17.   As construction workers for Defendants, Plaintiffs performed masonry, pointing, caulking, flooring, tiling, dry walling, and other general construction tasks.

18.   Defendants failed to pay Plaintiffs at the agreed upon wage for each day worked.

19.   The following table provides each Plaintiff's approximate dates of employment, the wage promised to them, and the number of days that Defendants failed to pay their wage:

| Name | Approx. Dates of Employment | Agreed upon Wage | Approx. Days Unpaid | Approx. Wage Owed |
|---|---|---|---|---|
| Pascacio Callejas | 7/07 | $100/day | 14 | $1400 |
| Felix Delgado | 7/07 | $100/day | 14 | $1400 |
| Jorge Penapiel | 4/07-5/07 | $100/day | 31 | $3100 |
| Luis Mauriseca | 4/07-5/07 | $120/day | 23 | $2760 |
| Carlos Dominguez | 1/07-6/07 | $120/day | 18 | $2160 |
| Manuel Tenezaca | 4/07-5/07 | $120/day | 23 | $2760 |
| Santos Mendoza | 2/07-5/07 | $120/day | 20 | $2400 |
| Joaquin Macareno | 4/07-5/07 | $120/day | 28 | $3360 |

4

| Name | Approx. Dates of Employment | Agreed upon Wage | Approx. Days Unpaid | Approx. Wage Owed |
|------|-----------------------------|------------------|---------------------|-------------------|
| Kae Heung Park | 7/07 | $150/day | 15 | $2250 |
| Long Fan Jin | 7/07 | $160/day | 15 | $2400 |

## KNOWING AND INTENTIONAL ACTS

20.    The acts alleged herein were done knowingly, intentionally, and willfully by Defendants.

## FIRST CAUSE OF ACTION

### (Federal Minimum Wage Violation)

21.    Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

22.    At all times relevant to this action, the federal minimum wage was $5.15 per hour, as codified by 29 U.S.C. § 206(a)(1).

23.    Defendants willfully failed to pay Plaintiffs at the federal minimum wage rate for each day that they were employed.

24.    Defendants' knowing and deliberate acts are in direct contravention of 29 U.S.C. § 206(a)(1) and are actionable under 29 U.S.C. § 216(b).

25.    As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Federal Overtime Wage Violation)

26.    Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

27.    While employed by Defendants, Plaintiffs frequently worked more than forty hours in a week.

28.    Defendants willfully failed to compensate Plaintiffs at overtime rates as required by federal law for any hours they worked over forty in a single week.

29.    Defendants knowing and deliberate acts are in direct contravention of 29 U.S.C. § 207(a)(1) and are actionable under 29 U.S.C. § 216(b).

30.    As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (New York State Unpaid Wages)

31.    Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

32.    Defendants' intentional failure to pay the wages promised to Plaintiffs violates New York State Labor Law including §§ 191 and 652 and regulations thereunder.

33.    As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (Breach of Employment Contract Against Defendant Kiko)

34.    Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

35.    Defendant Kiko entered into separate employment contracts with each of the Plaintiffs to pay them up to $160 per day.

36.    Plaintiffs performed their obligations under the contracts by working as construction workers for Defendants for certain periods of time between approximately January 2007 and July 2007.

37.    Defendants failed to pay Plaintiffs for their work at the wage rates promised under the employment contract.

38.    As a result, Defendant Kiko breached the employment contracts with Plaintiffs.

39.    As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (New York State Minimum Wage Violation)

40.    Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

41.    At all times relevant to this action, the New York state minimum wage was $7.15 per hour, as codified by Article 19, New York State Labor Law.

42.    Defendants failed to pay Plaintiffs the New York State minimum wage rate in effect during the time of his employment.

43.    Defendants knowing and deliberate acts constitute a violation of N.Y. Lab. Law § 650 *et seq.*

7

44.     As a result of the foregoing, Plaintiffs are owed damages in amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (State Overtime Wage Violation)

45.     Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

46.     While employed by Defendants, Plaintiffs frequently worked more than forty hours in a week.

47.     Defendants did not compensate Plaintiffs at overtime rates as required by the New York Labor Law for any hours they worked over forty in a single week.

48.     Defendants knowing and deliberate acts were in direct contravention of N.Y. Lab. Law § 650 *et seq.* and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.

49.     As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### (Quantum Meruit)

50.     Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

51.     Plaintiffs conferred the performance of their valuable services to Defendants in good faith and with the expectation of compensation.

52.     Defendants accepted the benefit of Plaintiffs' services and failed to fully compensate them for their work.

8

53.    As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### (Unjust Enrichment)

54.    Plaintiffs incorporate all of the allegations in the preceding paragraphs as if fully set forth herein.

55.    Plaintiffs have performed a significant amount of work for which they have not been paid.

56.    Defendants were unjustly enriched at Plaintiffs' expense by accepting the benefit of their labor and failing to pay them the money they earned for their work, which resulted in the deliberate and intentional exploitation of Plaintiffs.

57.    The circumstances were such that equity and good conscience require Defendants to pay Plaintiffs for the time that they worked.

58.    As a result of the foregoing, Plaintiffs are owed damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seeks judgment as follows:

That judgment be entered for Plaintiffs against Defendant Kiko Construction,

Defendant Rex Kim, and Defendant Kwang Yong Byun for:

(a) unpaid wages;

(b) liquidated damages;

(c) prejudgment interest;

(d) costs and attorneys' fees; and

(e) such other relief that the Court deems just and proper.


Dated:  New York, New York
        February 28, 2008

                              **HOGAN & HARTSON LLP**

                              _____
                              Arlene L. Chow (AC 4533)
                              Dillon Kim (DK 4121)
                              875 Third Avenue
                              New York, NY 10022
                              (212) 918-3000

Tushar J. Sheth (TS 5672)             Steven Choi (SC 1906)
**ASIAN AMERICAN LEGAL DEFENSE**      **YKASEC – EMPOWERING THE KOREAN**
**AND EDUCATION FUND**                **AMERICAN COMMUNITY**
99 Hudson Street, 12th Floor          136-19 41st Ave, 3rd Floor
New York, New York 10013              Flushing, NY 11354
(212) 966-5932                        (718) 460-5600

                                      *Attorneys for Plaintiffs Felix Delgado, Carlos*
                                      *Dominguez, Luis Mauriseca, Kae Heung Park,*
                                      *Long Fan Jin, Jorge Penapiel, Manuel Tenezaca,*
                                      *Pascacio Callejas, Santoz Mendoza, and Joaquin*
                                      *Macareno*

EXHIBIT B

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

FELIX DELGADO, CARLOS DOMINGUEZ, LUIS
MAURISECA, KAE HEUNG PARK, et.al.

**SUMMONS IN A CIVIL ACTION**

V.

KIKO CONSTRUCTION, INC., REX KIM,
KWANG YONG BYUN

CASE NUMBER:

## 08 CV 1984

## JUDGE BATTS

TO: (Name and address of Defendant)

| Kiko Construction, Inc. | Rex Kim | Kwang Yong Byun |
| 41 Gleane Street, | 14431 41st Ave. | 14330 38th Ave. |
| Apt. E-11 | Apt. 4 A | Apt. 5 N |
| Elmhurst, NY 11373 | Flushing, NY 11367 | Flushing, NY 11354 |

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Arlene L. Chow (AC 4533)      Tushar J. Sheth (TS 5672)      Steven Choi (SC 1906)
Dillon Kim (DK 4121)          Asian American Legal Defense and   YKASEC - Empowering
Hogan & Hartson LLP           Education Fund                  the Korean American
875 Third Avenue              99 Hudson Street, 12th Floor     Community
New York, New York  10022     New York, New York  10013       136-19 41st Avenue,
(212) 918-3000                (212) 966-5932                  3rd Floor
                                                              Flushing, New York 1135
                                                              (718) 460-5600

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

FEB 2 8 2008

_____          _____
CLERK                                     DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|
| | | |

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                            Date                      *Signature of Server*


                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

EPS Judicial Process Service, Inc.
29-27 41ˢᵗ Avenue, Suite 812
Long Island City, NY 11101
Telephone: 718-472-2900
Facsimile: 718-472-2909

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
FELIX DELGADO, CARLOS DOMINGUEZ, LUIS
MAURISECA, KAE HEUNG PARK, et al.,                Index Number: 08 CV 1984
                                                  AFFIDAVIT OF SERVICE
                              Plaintiff (s),

           -against-

KIKO CONSTRUCTION, INC., REX KIM, KWANG
YONG BYUN,

                              Defendant (s).
-------------------------------------------------------------------------X
STATE OF NEW YORK        )
                         :s.s:
COUNTY OF QUEENS         )

           JEFFERSON TIRADO, being duly sworn, deposes and says:

           I am not a party to this action, am over the age of eighteen years, and
reside in the State of New York.

           On the 29ᵗʰ day of February, 2008, at approximately 2:55 p.m. at 41-96 Gleane
Street, Apartment E-11, Elmhurst, New York, I served true copies of the SUMMONS IN
A CIVIL CASE, COMPLAINT, INDIVIDUAL PRACTICES OF JUDGE DEBORAH
A. BATTS and INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE MARK D.
FOX, in the above-entitled action, upon KIKO CONSTRUCTION, INC., defendant
herein named, by personally delivering to and leaving thereat, true copies of the above
mentioned documents with an employee of Kiko Construction, Inc.  At time of service,
the employee refused to identify himself by name; however is a  person authorized to
accept service of process for Kiko Construction, Inc.

The employee can best be described as a Hispanic male, approximately 25-30 years of age, 5'9" tall, 185 lbs, with dark hair and dark eyes.

On the 29th day of February, 2008, I completed the service of the SUMMONS IN A CIVIL CASE, COMPLAINT, INDIVIDUAL PRACTICES OF JUDGE DEBORAH A. BATTS and INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE MARK D. FOX upon KIKO CONSTRUCTION, INC., defendant herein named, pursuant to CPLR 308, via First Class Mail. Such service was made by personally enclosing true and correct copies of the aforementioned documents in a properly addressed, postage paid, securely fastened wrapper bearing the legend "personal and confidential", and not indicating by return address or otherwise that such communication was from an attorney or concerned an action pending against them, and then depositing it into an official depository under the exclusive care and custody of the United States Postal Service within the State of New York to:

Kiko Construction Inc.
41-96 Gleane Street
Apartment E-11
Elmhurst, New York 11373


Sworn to before me this
29th day of February, 2008

_____
NOTARY PUBLIC

CLENDY J. CALDERON
Notary Public, State of New York
No. 01CA6115564
Qualified in Queens County
Commission Expires September 7, 2008

JEFFERSON TIRADO
Organization License No. 1155020

United States District Court
Southern District of New York

_____

Felix Delgado, Carlos Dominguez, Luis
Mauriseca, Kae Heung Park, et al.

                                        Plaintiffs,

        -against-

Kiko Construction, Inc., Rex Kim,
Kwang Yong Byun,

                                        Defendants.

_____

**AFFIDAVIT OF SERVICE**
Case # 08 CV 1984

COUNTY OF ALBANY  SS:
STATE OF NEW YORK

Denise L. Dooley being duly sworn says: Deponent is over the age of eighteen years and is a resident of New York State, that: Deponent served the following specific papers in the above entitled action: Summons in a Civil Action, Complaint and Individual Practices of Judge Deborah A. Batts and Individual Practices of Magistrate Judge Mark D. Fox, pursuant to  Section 306 of the Business Corporation Law.  The corporation which was served was: **KIKO CONSTRUCTION INC.**

That on the 29th day of February 2008 at approx. 9:30 a.m., at the office of Department of State of New York, in the City of Albany, two (2) copies of the aforesaid papers were served by personally delivering to and leaving with Donna Christie known to me to be in the Corporation Division of the Department of State and empowered to receive such service.   That at the time of making such service, deponent paid to the Secretary of State the fee prescribed by Law in the amount of $40.00.

Description of Donna Christie - Authorized Person
White female, approx. 37 yrs., 5'3", 140 lbs., blonde hair

                                        _____
                                        Denise L. Dooley

Sworn to before me
this 29th day of February 2008.

_____
FRANK J. PANUCCI
Notary Public, State of New York
Qualified in Albany County
No. 4721156
Commission Expires July 31, 2010

State of New York - Department of State
Receipt for Service

Receipt #: 200802290099                    Cash #: 200802290090
Date of Service: 02/29/2008               Fee Paid: $40 - DRAWDOWN
Service Company: 12 EMPIRE CORPORATE & INFORMATION SERVICES,

Service was directed to be made pursuant to:  SECTION 306 OF THE BUSINESS
    CORPORATION LAW

Party Served: KIKO CONSTRUCTION INC.

Plaintiff/Petitioner:
        DELGADO, FELIX

Service of Process Address:
KIKO CONSTRUCTION INC.
41-96 GLEANE ST APT E-11
ELMHURST, NY 11373

                                        Secretary of State
                                        By DONNA CHRISTIE

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FELIX DELGADO, CARLOS DOMINGUEZ, LUIS MAURISECA, KAE HEUNG PARK, LONG FAN JIN, JORGE PENAPIEL, MANUEL TENEZACA, PASCACIO CALLEJAS, SANTOZ MENDOZA, and JOAQUIN MACARENO, | 08CV1984 (DAB) (MDF) |
| **Plaintiffs,** | ECF Case |
| -against- | **NOTATION OF DEFAULT** |
| KIKO CONSTRUCTION INC., REX KIM, and KWANG YONG BYUN, | |
| **Defendants.** | |

I, **J. MICHAEL McMAHON**, Clerk of the Court of the United States District Court for the Southern District of New York, do hereby certify that the Defendant, **KIKO CONSTRUCTION INC.**, has not filed an answer or otherwise moved with respect to the Complaint herein. The default of the Defendant, **KIKO CONSTRUCTION INC.**, is hereby pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: New York, New York
      April 23, 2008

J. MICHAEL McMAHON
Clerk of the Court

By: _____
Deputy Clerk

W\090334/000048 - 1080566 v2

EXHIBIT D

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

|  Southern  |  District of  |  New York  |

FELIX DELGADO, CARLOS DOMINGUEZ, LUIS
MAURISECA, KAE HEUNG PARK, et al.

V.

KIKO CONSTRUCTION, INC., REX KIM,
KWANG YONG BYUN

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

# 08 CV 1984

## JUDGE BATTS

TO: (Name and address of Defendant)

| Kiko Construction, Inc. | Rex Kim | Kwang Yong Byun |
| 41 Gleane Street, | 14431 41st Ave. | 14330 38th Ave. |
| Apt. E-11 | Apt. 4 A | Apt. 5 N |
| Elmhurst, NY 11373 | Flushing, NY 11355 | Flushing, NY 11354 |

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Arlene L. Chow (AC 4533)
Dillon Kim (DK 4121)
Hogan & Hartson LLP
875 Third Avenue
New York, New York  10022
(212) 918-3000

Tushar J. Sheth (TS 5672)
Asian American Legal Defense and
Education Fund
99 Hudson Street, 12th Floor
New York, New York  10013
(212) 966-5932

Steven Choi (SC 1906)
YKASEC - Empowering
the Korean American
Community
136-19 41st Avenue,
3rd Floor
Flushing, New York 113
(718) 460-5600

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

FEB 2 8 2008

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                        Date                      *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

HOGAN & HARTSON LLP

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

FELIX DELGADO, CARLOS DOMINGUEZ, et. al.

                               Plaintiff,

    -against-

KIKO CONSTRUCTION, INC., REX KIM  and
KWANG YONG BYUN,

                             Defendants.

-----------------------------------------------------------------X

Docket No.: 2008  CV  1984 (BATTS)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK       )
                             ) ss.:
COUNTY OF NEW YORK   )

**JUAN ROLDAN**, being duly sworn, deposes and says:

1.    That I am not a party to this action, am over eighteen years of age and resides in the State of New Jersey;

2.    That on June 10, 2008, at approximately 10:13 p.m., I personally served a true and correct copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT, Individual Practices of Judge Deborah A. Batts and Electronic Case Filing Rules & Instructions,** all upon **REX KIM, (an Individual),** by Personal Service via Mr. Rex Kim, who identified himself as the person deponent was seeking to serve.  Mr. Rex Kim, who is known and known to be, someone of suitable age and discretion and who indicated upon inquiry, that he is neither in Military Service nor dependant upon anyone within Military Service, which service was effected at his actual place of residence indicated below:

                         REX KIM
                         57-35  256TH Street / Multi Family House / Front Entrance
                         Little Neck, New York 11362

3.    **Mr. Rex Kim** can best be described as:

Asian male  –  White skin  –  Brown hair (thinning in front)  – Brown eyes - Approximately 35 - 45 years of age, 5'4" – 5'8" and 100 – 125 lbs.

Dated:  June 10, 2008.
     New York, New York

                                          JUAN ROLDAN
                                        License No. 0983113

Sworn to before me on this the 10th day of June 2008.

NOTARY PUBLIC

HOLLY ROLDAN
Notary Public, State of New York
No. 01RO6125752
Qualified in New York County
Commission Expires April 29, 20O9

---

EXCLUSIVE PROCESS SERVICE CORP.
-A FULL-SERVICE LITIGATION SUPPORT CORPORATION-
www.ExclusiveProcess.com

POST OFFICE BOX 858
NEW YORK, NEW YORK 10268
(917) 902 - 5700

*'We've built our service on your satisfaction'*

EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**FELIX DELGADO, CARLOS**
**DOMINGUEZ, LUIS MAURISECA, KAE**
**HEUNG PARK, LONG FAN JIN, JORGE**
**PENAPIEL, MANUEL TENEZACA,**
**PASCACIO CALLEJAS, SANTOZ**
**MENDOZA, and JOAQUIN MACARENO,**                    08CV1984 (DAB) (MDF)

                                    **Plaintiffs,**            ECF Case

                        -against-                    **NOTATION OF DEFAULT**

**KIKO CONSTRUCTION INC., REX KIM,**
**and KWANG YONG BYUN,**

                                    **Defendants.**

I, **J. MICHAEL McMAHON**, Clerk of the Court of the United States District Court for the Southern District of New York, do hereby certify that the Defendant, **REX KIM**, has not filed an answer or otherwise moved with respect to the Complaint herein.  The default of the Defendant, **REX KIM**, is hereby pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: New York, New York
      July 9, 2008

                                    J. MICHAEL McMAHON
                                    Clerk of the Court

                        By: _____
                                    Deputy Clerk

EXHIBIT F

## Exhibit F - PENAPIEL DAMAGE CHART

| Weekly Wages | $600 |
|---|---|
| Weekly Hours | 60 |
| Hourly Rate | $10.00 |

| Work Week | Hrs/Wk | OT Hrs | Fed OT | NYS OT | Unpaid W | Fed MW | Fed LQ | NYS LQ |
|---|---|---|---|---|---|---|---|---|
| 6/17/2007 | 60 | 20 | $100.00 | $100.00 | $600.00 | $309.00 | $409.00 | $175.00 |
| 6/24/2007 | 60 | 20 | $100.00 | $100.00 | $600.00 | $309.00 | $409.00 | $175.00 |
| 7/1/2007 | 50 | 10 | $50.00 | $50.00 | $600.00 | $257.50 | $307.50 | $162.50 |
| 7/8/2007 | 60 | 20 | $51.50 | $71.50 | $600.00 | $309.00 | $360.50 | $167.88 |
| 7/15/2007 | 60 | 20 | $51.50 | $71.50 | $600.00 | $309.00 | $360.50 | $167.88 |
| 7/22/2007 | 10 | 0 | $0.00 | $0.00 | $100.00 | $51.50 | $51.50 | $25.00 |
| | | | | | | | | |
| | | | $353.00 | $393.00 | $3,100 | $1,545.00 | $1,898.00 | $873.25 |

| | |
|---|---|
| **Compens Dam.** | **$3,493.00** |
| **Fed LQ** | $1,898.00 |
| **State LQ** | $873.25 |
| **Interest*** | $345.81 as of 8/11/08 |
| **Total** | **$6,610.06** |

| start date | 6/17/2007 |
|---|---|
| end date | 7/23/2007 |
| length of work | 36.00 |

| **mid-pt date** | **7/5/2007** |
|---|---|
| today's date | 8/11/2008 |
| Total time | 403 |
| **Tot. Yrs. Int.** | **1.10** |

* Total Years of Interest is calculated by finding the total number of years between 1) the mid-point date of the claim, and 2) the date the motion for default was submitted. The mid-point date is calculated by finding the difference in days between the start of the claim and the end of the claim, and dividing that by 2.

## Exhibit F - DELGADO DAMAGE CHART

| Weekly Wages | $600 |
|---|---|
| Weekly Hours | 60 |
| Hourly Rate | $10.00 |

| Work Week | Hrs/Wk | OT Hrs | Fed OT | NYS OT | Unpaid W | Fed MW | Fed LQ | NYS LQ |
|---|---|---|---|---|---|---|---|---|
| 6/24/2007 | 60 | 20 | $100.00 | $100.00 | 0 | $0.00 | $100.00 | $25.00 |
| 7/1/2007 | 50 | 10 | $50.00 | $50.00 | 0 | $0.00 | $50.00 | $12.50 |
| 7/8/2007 | 60 | 20 | $51.50 | $71.50 | $600.00 | $309.00 | $360.50 | $167.88 |
| 7/15/2007 | 60 | 20 | $51.50 | $71.50 | $600.00 | $309.00 | $360.50 | $167.88 |
| 7/22/2007 | 20 | 0 | $0.00 | $0.00 | $200.00 | $103.00 | $103.00 | $50.00 |
| | | | $253.00 | $293.00 | $1,400 | $721.00 | $974.00 | $423.25 |

| | | |
|---|---|---|
| **Compens Dam.** | **$1,693.00** | |
| **Fed LQ** | $974.00 | |
| **State LQ** | $423.25 | |
| Interest* | $167.61 | as of 8/11/08 |
| **Total** | **$3,257.86** | |

| start date | 6/17/2007 |
|---|---|
| end date | 7/23/2007 |
| length of work | 36.00 |

| **mid-pt date** | **7/5/2007** |
|---|---|
| today's date | 8/11/2008 |
| Total time | 403 |
| **Tot. Yrs. Int.** | **1.10** |

* Total Years of Interest is calculated by finding the total number of years between 1) the mid-point date of the claim, and 2) the date the motion for default was submitted.  The mid-point date is calculated by finding the difference in days between the start of the claim and the end of the claim, and dividing that by 2.

## Exhibit F - CALLEJAS DAMAGE CHART

| Weekly Wages | $600 |
|---|---|
| Weekly Hours | 60 |
| Hourly Rate | $10.00 |

| Work Week | Hrs/Wk | OT Hrs | Fed OT | NYS OT | Unpaid W | Fed MW | Fed LQ | NYS LQ |
|---|---|---|---|---|---|---|---|---|
| 6/24/2007 | 60 | 20 | $100.00 | $100.00 | 0 | $0.00 | $100.00 | $25.00 |
| 7/1/2007 | 50 | 10 | $50.00 | $50.00 | 0 | $0.00 | $50.00 | $12.50 |
| 7/8/2007 | 60 | 20 | $51.50 | $71.50 | $600.00 | $309.00 | $360.50 | $167.88 |
| 7/15/2007 | 60 | 20 | $51.50 | $71.50 | $600.00 | $309.00 | $360.50 | $167.88 |
| 7/22/2007 | 20 | 0 | $0.00 | $0.00 | $200.00 | $103.00 | $103.00 | $50.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | $253.00 | $293.00 | $1,400 | $721.00 | $974.00 | $423.25 |

| | | |
|---|---|---|
| **Compens Dam.** | **$1,693.00** | |
| **Fed LQ** | $974.00 | |
| **State LQ** | $423.25 | |
| **Interest\*** | $167.61 | as of 8/11/08 |
| **Total** | **$3,257.86** | |

| | | |
|---|---|---|
| start date | 6/17/2007 | |
| end date | 7/23/2007 | |
| length of work | 36.00 | |
| **mid-pt date** | **7/5/2007** | |
| today's date | 8/11/2008 | |
| Total time | 403 | |
| **Tot. Yrs. Int.** | **1.10** | |

\* Total Years of Interest is calculated by finding the total number of years between 1) the mid-point date of the claim, and 2) the date the motion for default was submitted. The mid-point date is calculated by finding the difference in days between the start of the claim and the end of the claim, and dividing that by 2.

**Exhibit F - PARK DAMAGE CHART**

| | |
|---|---|
| Weekly Wages | $900 |
| Weekly Hours | 60 |
| Hourly Rate | $15.00 |

| Work Week | Hrs/Wk | OT Hrs | Fed OT | NYS OT | Unpaid W | Fed MW | Fed LQ | NYS LQ |
|---|---|---|---|---|---|---|---|---|
| 4/1/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 4/8/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 4/15/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 4/22/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 4/29/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 5/6/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 5/13/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 5/20/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 5/27/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 6/3/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 6/10/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 6/17/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 6/24/2007 | 60 | 20 | $150.00 | $150.00 | 0 | $0.00 | $150.00 | $37.50 |
| 7/1/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 7/8/2007 | 60 | 20 | $51.50 | $71.50 | $900.00 | $309.00 | $360.50 | $242.88 |
| 7/15/2007 | 60 | 20 | $51.50 | $71.50 | $900.00 | $309.00 | $360.50 | $242.88 |
| 7/22/2007 | 24 | 0 | $0.00 | $0.00 | $456.00 | $123.60 | $123.60 | $114.00 |
| | | | | | | | $2,794.60 | $1,087.25 |
| | | | $2,053.00 | $2,093.00 | $2,256 | $741.60 | $2,794.60 | $1,087.25 |

| | |
|---|---|
| **Compens Dam.** | **$4,349.00** |
| **Fed LQ** | **$2,794.60** |
| **State LQ** | **$1,087.25** |
| **Interest\*** | **$473.61** as of 8/11/08 |
| **Total** | **$8,704.46** |

\* Total Years of Interest is calculated by finding the total number of
years between 1) the mid-point date of the claim, and 2) the date

the motion for default was submitted.  The mid-point date is calculated by finding the difference in days between the start of the claim and the end of the claim, and dividing that by 2.

| | |
|---|---|
| start date | 4/1/2007 |
| end date | 7/25/2007 |
| length of work | 115.00 |
| | |
| **mid-pt date** | **5/28/2007** |
| today's date | 8/11/2008 |
| Total time | 440.5 |
| **Tot. Yrs. Int.** | **1.21** |

## Exhibit F - DOMINGUEZ DAMAGE CHART

| Weekly Wages | $720 |
| Weekly Hours | 60 |
| Hourly Rate | $12.00 |

| Work Week | Hrs/Wk | OT Hrs | Fed OT | NYS OT | Unpaid W | Fed MW | Fed LQ | NYS LQ |
|---|---|---|---|---|---|---|---|---|
| 12/31/2006 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 1/7/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 1/14/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 1/21/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 1/28/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 2/4/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 2/11/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 2/18/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 2/25/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 3/4/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 3/11/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 3/18/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 3/25/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/1/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/8/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/15/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/22/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| 4/29/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| 5/6/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| | | | $2,074.50 | $2,134.50 | $2,160 | $927.00 | $3,001.50 | $1,073.63 |
| | | | | | | | $3,001.50 | $1,073.63 |

| | |
|---|---|
| **Compens Dam.** | **$4,294.50** |
| **Fed LQ** | **$3,001.50** |
| **State LQ** | **$1,073.63** |
| **Interest*** | **$552.70** as of 8/11/08 |
| **Total** | **$8,922.33** |

* Total Years of Interest is calculated by finding the total number of

years between 1) the mid-point date of the claim, and 2) the date the motion for default was submitted. The mid-point date is calculated by finding the difference in days between the start of the claim and the end of the claim, and dividing that by 2.

| | |
|---|---|
| start date | 12/31/2006 |
| end date | 5/12/2007 |
| length of work | 132.00 |
| | |
| **mid-pt date** | **3/7/2007** |
| today's date | 8/11/2008 |
| Total time | 523 |
| **Tot. Yrs. Int.** | **1.43** |

## Exhibit F - TENEZACA DAMAGE CHART

| Weekly Wages | $720 |
|---|---|
| Weekly Hours | 60 |
| Hourly Rate | $12.00 |

| Work Week | Hrs/Wk | OT Hrs | Fed OT | NYS OT | Unpaid W | Fed MW | Fed LQ | NYS LQ |
|---|---|---|---|---|---|---|---|---|
| 4/15/2007 | 10 | 0 | $0.00 | $0.00 | 120 | $51.50 | $51.50 | $30.00 |
| 4/22/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| 4/29/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| 5/6/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| 5/13/2007 | 20 | 0 | $0.00 | $0.00 | 340 | $103.00 | $103.00 | $85.00 |
| | | | | | | | $1,236.00 | $708.63 |
| | | | $154.50 | $214.50 | $2,620 | $1,081.50 | $1,236.00 | $708.63 |

| | |
|---|---|
| **Compens Dam.** | **$2,834.50** |
| **Fed LQ** | $1,236.00 |
| **State LQ** | $708.63 |
| **Interest\*** | $326.53 as of 8/11/08 |
| **Total** | **$5,105.66** |

| | | |
|---|---|---|
| start date | 4/21/2007 | |
| end date | 5/15/2007 | |
| length of work | 24.00 | |
| **mid-pt date** | **5/3/2007** | |
| today's date | 8/11/2008 | |
| Total time | 466 | |
| **Tot. Yrs. Int.** | **1.28** | |

\* Total Years of Interest is calculated by finding the total number of
years between 1) the mid-point date of the claim, and 2) the date
the motion for default was submitted. The mid-point date is
calculated by finding the difference in days between the start of the
claim and the end of the claim, and dividing that by 2.

## Exhibit F - MAURISECA DAMAGE CHART

| Weekly Wages | $720 |
|---|---|
| Weekly Hours | 60 |
| Hourly Rate | $12.00 |

| Work Week | Hrs/Wk | OT Hrs | Fed OT | NYS OT | Unpaid W | Fed MW | NYS MW | Fed LQ | NYS LQ |
|---|---|---|---|---|---|---|---|---|---|
| 4/15/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $429.00 | $360.50 | $197.88 |
| 4/22/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $429.00 | $360.50 | $197.88 |
| 4/29/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $429.00 | $360.50 | $197.88 |
| 5/6/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $429.00 | $360.50 | $197.88 |
| 5/13/2007 | 20 | 0 | $0.00 | $0.00 | 340 | $103.00 | $143.00 | $103.00 | $85.00 |
| | | | | | | | | | |
| | | | $206.00 | $286.00 | 3,220 | $1,339.00 | $1,859.00 | $1,545.00 | $876.50 |

**Compens Dam.**  **$3,506.00**
**Fed LQ**  $1,545.00
**State LQ**  $876.50
**Interest***  $403.89  as of 8/11/08
**Total**  **$6,331.39**

* Total Years of Interest is calculated by finding the total number of years between 1) the mid-point date of the claim, and 2) the date the motion for default was submitted. The mid-point date is calculated by finding the difference in days between the start of the claim and the end of the claim, and dividing that by 2.

| | |
|---|---|
| start date | 4/15/2007 |
| end date | 5/15/2007 |
| length of work | 30.00 |
| | |
| **mid-pt date** | **4/30/2007** |
| today's date | 8/11/2008 |
| Total time | 469 |
| **Tot. Yrs. Int.** | **1.28** |

## Exhibit F - MACARENO DAMAGE CHART

| Weekly Wages | $720 |
|---|---|
| Weekly Hours | 60 |
| Hourly Rate | $12.00 |

| Work Week | Hrs/Wk | OT Hrs | Fed OT | NYS OT | Unpaid W | Fed MW | Fed LQ | NYS LQ |
|---|---|---|---|---|---|---|---|---|
| 3/11/2007 | 40 | 0 | $0.00 | $0.00 | 0 | $0.00 | $0.00 | $0.00 |
| 3/18/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 3/25/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/1/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/8/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/15/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/22/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| 4/29/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| 5/6/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| 5/13/2007 | 20 | 0 | $0.00 | $0.00 | 240 | $103.00 | $103.00 | $60.00 |
| | | | $754.50 | $814.50 | $2,400 | $1,030.00 | $1,784.50 | $803.63 |

| | |
|---|---|
| Compens Dam. | $3,214.50 |
| Fed LQ | $1,784.50 |
| State LQ | $803.63 |
| Interest* | $384.78 as of 8/11/08 |
| **Total** | **$6,187.40** |

* Total Years of Interest is calculated by finding the total number of
years between 1) the mid-point date of the claim, and 2) the date the
motion for default was submitted. The mid-point date is calculated by
finding the difference in days between the start of the claim and the end
of the claim, and dividing that by 2.

| start date | 3/13/2007 |
|---|---|
| end date | 5/14/2007 |
| length of work | 62.00 |

| | |
|---|---|
| **mid-pt date** | **4/13/2007** |
| today's date | 8/11/2008 |
| Total time | 486 |
| **Tot. Yrs. Int.** | **1.33** |

## Exhibit F - MENDOZA DAMAGE CHART

| Weekly Wages | $720 |
|---|---|
| Weekly Hours | 60 |
| Hourly Rate | $12.00 |

| Work Week | Hrs/Wk | OT Hrs | Fed OT | NYS OT | Unpaid W | Fed MW | Fed LQ | NYS LQ |
|---|---|---|---|---|---|---|---|---|
| 3/11/2007 | 40 | 0 | $0.00 | $0.00 | 0 | $0.00 | $0.00 | $0.00 |
| 3/18/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 3/25/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/1/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/8/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/15/2007 | 60 | 20 | $120.00 | $120.00 | 0 | $0.00 | $120.00 | $30.00 |
| 4/22/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| 4/29/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| 5/6/2007 | 60 | 20 | $51.50 | $71.50 | 720 | $309.00 | $360.50 | $197.88 |
| 5/13/2007 | 20 | 0 | $0.00 | $0.00 | 240 | $103.00 | $103.00 | $60.00 |
| | | | | | | | | |
| | | | $754.50 | $814.50 | $2,400 | $1,030.00 | $1,784.50 | $803.63 |
| | | | $754.50 | $814.50 | $2,400 | | $1,784.50 | $803.63 |

| | |
|---|---|
| **Compens Dam.** | $3,214.50 |
| **Fed LQ** | 1,784.50 |
| **State LQ** | $803.63 |
| **Interest*** | $384.78 as of 8/11/08 |
| **Total** | **$6,187.40** |

* Total Years of Interest is calculated by finding the total number of
years between 1) the mid-point date of the claim, and 2) the date the
motion for default was submitted.  The mid-point date is calculated
by finding the difference in days between the start of the claim and
the end of the claim, and dividing that by 2.

| | | |
|---|---|---|
| | start date | 3/13/2007 |
| | end date | 5/15/2007 |
| | length of work | 63.00 |

| | |
|---|---|
| **mid-pt date** | **4/13/2007** |
| today's date | 8/11/2008 |
| Total time | 485.5 |
| **Tot. Yrs. Int.** | **1.33** |

**Exhibit F - JIN DAMAGE CHART**

| Weekly Wages | $800 |
| Weekly Hours | 50 |
| Hourly Rate | $16.00 |

| Work Week | Hrs/Wk | OT Hrs | Fed OT | NYS OT | Unpaid W | Fed MW | Fed LQ | NYS LQ |
|---|---|---|---|---|---|---|---|---|
| 4/1/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 4/8/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 4/15/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 4/22/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 4/29/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 5/6/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 5/13/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 5/20/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 5/27/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 6/3/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 6/10/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 6/17/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 6/24/2007 | 50 | 10 | $75.00 | $75.00 | 0 | $0.00 | $75.00 | $18.75 |
| 7/1/2007 | 50 | 10 | $25.75 | $35.75 | $480.00 | $257.50 | $283.25 | $128.94 |
| 7/8/2007 | 50 | 10 | $25.75 | $35.75 | $800.00 | $257.50 | $283.25 | $208.94 |
| 7/15/2007 | 50 | 10 | $25.75 | $35.75 | $800.00 | $257.50 | $283.25 | $208.94 |
| 7/22/2007 | 20 | 0 | $0.00 | $0.00 | $320.00 | $103.00 | $103.00 | $80.00 |
| | | | | | | | $1,927.75 | $870.56 |
| | | | $1,052.25 | $1,082.25 | $2,400 | $875.50 | $1,927.75 | $870.56 |

| | |
|---|---|
| **Compens Dam.** | **$3,482.25** |
| **Fed LQ** | $1,927.75 |
| **State LQ** | $870.56 |
| **Interest*** | $379.22 as of 8/11/08 |
| **Total** | **$6,659.78** |

* Total Years of Interest is calculated by finding the total number of years

between 1) the mid-point date of the claim, and 2) the date the motion for default was submitted. The mid-point date is calculated by finding the difference in days between the start of the claim and the end of the claim, and dividing that by 2.

| | |
|---|---|
| start date | 4/1/2007 |
| end date | 7/24/2007 |
| length of work | 114.00 |
| | |
| **mid-pt date** | **5/28/2007** |
| today's date | 8/11/2008 |
| Total time | 441 |
| **Tot. Yrs. Int.** | **1.21** |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
FELIX DELGADO, CARLOS DOMINGUEZ,         :
LUIS MAURISECA, KAE HEUNG PARK,          :
LONG FAN JIN, JORGE PENAPIEL, MANUEL :
TENEZACA, PASCACIO CALLEJAS,             :      No. 08-CV-1984 (DAB)(MDF)
SANTOZ MENDOZA, and JOAQUIN              :
MACARENO,                                :           ECF CASE
:
                          Plaintiffs,    :      **CERTIFICATE OF SERVICE**
:
:
                    -against-            :
:
:
KIKO CONSTRUCTION INC., REX KIM, and :
KWANG YONG BYUN,                         :
:
:
                          Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

<u>**CERTIFICATE OF SERVICE**</u>

     I, Dillon Kim, hereby certify that on August 11, 2008, I caused a true and correct copy of the Plaintiffs' Motion for Default Judgment, Declaration of Dillon Kim in Support of the Plaintiffs' Motion for Default Judgment and the exhibits annexed thereto, and the Proposed Order for Default Judgment against Kiko Construction Inc. and Rex Kim via first class mail and Federal Express upon:

          Kiko Construction Inc.
          41-96 Gleane Street, Apartment E-11
          Elmhurst, New York 11373

          and

          Rex Kim
          57-35 256th Street
          Little Neck, New York 11362

In an abundance of caution, Kiko Construction Inc. and Rex Kim were both served copies of Plaintiffs' Default Judgment motion papers <u>despite not having answered or responded</u> to service of the Summons and Complaint in this action.

Dated:        New York, New York
              August 11, 2008

                            **HOGAN & HARTSON LLP**


                            _____/s Dillon Kim_____
                            Arlene L. Chow (AC 4533)
                            Dillon Kim (DK 4121)
                            875 Third Avenue
                            New York, NY 10022
                            (212) 918-3000